UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH M. SCHUMAN,

    Plaintiff,
v.                                    CASE NO.: 8:16-cv-1425-T-33JSS

ST. LUKE'S CATARACT & LASER
INSTITUTE, P.A.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant St. Luke's Cataract & Laser Institute, P.A.'s Motion to Remand (Doc. # 3), which was filed on June 7, 2016. The Court grants the Motion as follows.

**Discussion**

On April 25, 2016, Deborah Schuman filed a state court Complaint against her employer, St. Luke's, alleging violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, and the anti-retaliation provision of the Florida Workers' Compensation Act, Fla. Stat. § 440.205. (Doc. # 2). After being served with the Complaint on May 5, 2016, St. Luke's timely removed the case to this Court predicating jurisdiction upon the presentation of a federal question. (Doc. # 1).

In conjunction with the removal documents, St. Luke's filed a Motion to Remand the Worker's Compensation retaliation

claim, over which this Court lacks jurisdiction. (Doc. # 3).

Federal law prohibits the removal of certain types of actions by designating them as non-removable. 28 U.S.C. § 1445. In particular, civil actions brought in state court "arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The Eleventh Circuit has held that retaliation claims brought under Chapter 440.205 of Florida's Workers' Compensation laws fall within the ambit of 28 U.S.C. § 1445(c) and that such removed claims must be remanded for lack of subject matter jurisdiction. See Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000)(remanding workers' compensation retaliation claim for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1445(c)). Alansari v. Tropic Star Seafood, Inc., 388 F. Appx. 902, 905 (11th Cir. 2010)("because the district court lacked subject-matter jurisdiction over Alansari's state workers' compensation retaliation claim, we conclude that it erred in refusing to remand the claim to state court.").

This Court lacks subject matter jurisdiction over the Florida Workers' Compensation-related claim asserted in count one of the Complaint and the Court remands count one to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant St. Luke's Cataract & Laser Institute, P.A.'s Motion to Remand (Doc. # 3) is **GRANTED.**

(2) The Clerk is directed to remand count one of the Complaint to state court because this Court lacks jurisdiction over count one.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of June, 2016.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3